IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SHANAH A. BRODY, | ) | Civ. No. 22-00482 HG-WRP |
| | ) | Civ. No. 23-00046 HG-WRP |
| Plaintiff, | ) | |
| | ) | Civ. No. 22-00481 HG-WRP |
| v. | ) | Civ. No. 23-00047 HG-WRP |
| | ) | |
| HAWAIIAN AIRLINES, INC.; | ) | Civ. No. 22-00484 HG-WRP |
| HAWAIIAN HOLDINGS, INC. | ) | Civ. No. 23-00048 HG-WRP |
| | ) | |
| Defendants. | ) | Civ. No. 22-00483 HG-WRP |
| | ) | Civ. No. 23-00049 HG-WRP |
| SHANAH A. BRODY, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| HAWAIIAN AIRLINES, INC.; | ) | |
| HAWAIIAN HOLDINGS, INC. | ) | |
| Defendants. | ) | |
| LARS A. BRENNAN, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| HAWAIIAN AIRLINES, INC.; | ) | |
| HAWAIIAN HOLDINGS, INC. | ) | |
| Defendants. | ) | |
| LARS A. BRENNAN, | ) | |
| Plaintiff, | ) | |
| v. | ) | |

1

```
HAWAIIAN AIRLINES, INC.;        )
HAWAIIAN HOLDINGS, INC.         )
                                )
        Defendants.             )
                                )
_____)
                                )
LEIANAH M.M. KAHAHAWAI,         )
                                )
        Plaintiff,              )
                                )
v.                              )
                                )
HAWAIIAN AIRLINES, INC.;        )
HAWAIIAN HOLDINGS, INC.         )
                                )
        Defendants.             )
                                )
_____)
                                )
LEIANAH M.M. KAHAHAWAI,         )
                                )
        Plaintiff,              )
                                )
v.                              )
                                )
HAWAIIAN AIRLINES, INC.;        )
HAWAIIAN HOLDINGS, INC.         )
                                )
        Defendants.             )
                                )
_____)
                                )
NOAH I.M. SCHENK,               )
                                )
        Plaintiff,              )
                                )
v.                              )
                                )
HAWAIIAN AIRLINES, INC.;        )
HAWAIIAN HOLDINGS, INC.         )
                                )
        Defendants.             )
                                )
_____)
                                )
                                )
NOAH I.M. SCHENK,               )
                                )
```

```
            Plaintiff,            )
                                  )
v.                                )
                                  )
HAWAIIAN AIRLINES, INC.;          )
HAWAIIAN HOLDINGS, INC.           )
                                  )
            Defendants.           )
                                  )
                                  )
_____)
```

## ORDER DISMISSING DUPLICATE CASES

Each of the individual Plaintiffs has two cases pending in federal court against Defendants Hawaiian Airlines, Inc. and Hawaiian Holdings, Inc. Each of the cases asserts identical causes of action about the same subject-matter.

Each Plaintiff filed a case in the United States District Court for the District of Hawaii, while also filing a duplicate case in Hawaii state court. Each state court case was removed by Defendants.

On April 14, 2023, the Court issued an Order to Show Cause Why The Duplicate Cases Should Not Be Dismissed. The Court stated its intention to dismiss the removed cases (23-cv-00046, 23-cv-00047, 23-cv-00048, and 23-cv-00049) that were originally filed in Hawaii state court pursuant to the first-to-file rule.

On April 28, 2023, Defendants Hawaiian Airlines, Inc. and Hawaiian Holdings, Inc. filed Statements Of No Opposition to Dismissal.

Also on April 28, 2023, Plaintiffs filed Objections. The

sole basis for the objection is that Plaintiffs intend to maintain parallel cases in both state and federal court.

## **ANALYSIS**

### I.   **First-To-File Doctrine**

The first-to-file rule is a generally recognized doctrine of federal comity permitting a district court to decline jurisdiction over an action.  <u>Wallerstein v. Dole Fresh Vegetables, Inc.</u>, 967 F.Supp.2d 1289, 1292 (N.D. Cal. 2013).  The rule is meant to alleviate the burden placed on the federal judiciary by duplicate litigation.  <u>Alltrade, Inc. v. Uniweld Prods. Inc.</u>, 946 F.2d 622, 628 (9th Cir. 1991).

Courts analyze three factors in determining whether to apply the first-to-file rule:

(1) chronology of the actions;

(2) similarity of the parties; and

(3) similarity of the issues.

<u>Schwartz v. Frito-Lay N. Am.</u>, 2012 WL 8147135, at *2 (N.D. Cal. Sept. 12, 2012) (citing <u>Alltrade, Inc.</u>, 946 F.2d at 625)).

Here, each Plaintiff filed one case originally in federal court and a duplicate case in Hawaii state court, which was later removed.

<u>First</u>, the Court analyzes the chronology of the actions.  All of the complaints were filed on November 10, 2022.  The complaints originally filed in Hawaii state court were all

removed to the United States District Court for the District of Hawaii on January 26, 2023.

Second, the Court recognizes that the Parties in the parallel cases are not just similar, but they are identical and the Parties are represented by the same attorneys.

Third, the legal issues in the operative complaints are also identical. Each case involves identical issues relating to employment-related claims against Hawaiian Airlines related to its COVID-19 policies.

The Court recognizes that the first-to-file doctrine is usually applied where the cases involve two different districts or two different judges. The circumstances here, and in some other instances, support applying the first-to-file rule to cases filed in the same federal district. See Gatlin v. United Parcel Service, Inc., 2018 WL 10161198, *3 (C.D. Cal. Aug. 23, 2018).

The first-to-file rule is necessary in this instance as the cases involve identical parties and identical claims.

Plaintiffs did not address the first-to-file doctrine in its response to the Order to Show Cause. Plaintiffs have not demonstrated any basis for maintaining two identical actions with two different docket numbers for matters involving identical parties in the same court.

Instead, Plaintiffs argue that they should be permitted to forum shop. Plaintiffs state that they would like to amend their

complaints in the removed cases, request that this Court then allow them to remand these cases back to Hawaii state court, and allow them to proceed on their claims in state court at the same time as maintaining the parallel claims in the duplicate federal court actions.

## II. Colorado River Doctrine

Pursuant to Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976), a federal district court may dismiss an action involving concurrent proceedings in a separate court system in order to conserve judicial resources. The United States Supreme Court ruled that "there are principles unrelated to considerations of proper constitutional adjudication and regard for federal-state relations which govern in situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts." Id.

A district court may dismiss a suit in the presence of a concurrent parallel proceeding in the interest of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Id. at 817-18.

Plaintiffs appear to be forum shopping. Engaging in identical, parallel litigation in both state and federal court is

not permitted pursuant to the Colorado River doctrine.

The Court reviews numerous factors in evaluating the Colorado River doctrine including the desire to avoid piecemeal litigation, the order in which the forums obtained jurisdiction, and the similarity of the proceedings. United States v. State Water Res. Control Bd., 988 F.3d 1194, 1203 (9th Cir. 2021).

Here, the proceedings are identical. The operative complaints involve identical parties and identical legal issues. Plaintiffs provide no basis to allow them to maintain two identical actions in federal court. Plaintiffs request that the Court remand the removed cases to Hawaii State Court. Plaintiffs argue that they should be allowed to maintain one action in federal court and another in state court.

Forum shopping and gamesmanship support dismissal of the duplicate proceeding. R.R. Street & Co., Inc. v. Transport Ins. Co., 656 F.3d 966, 979 (9th Cir. 2011) (finding the district court did not err in dismissing a parallel proceeding under Colorado River). It has long been held that "federal courts may properly take measures to discourage forum shopping." Rutherford v. Econolodge, 2019 WL 950329, *3 (S.D. Cal. Feb. 27, 2019) (citing Hanna v. Plumer, 380 U.S. 460, 467-68 (1965)). The interests of comity and discouraging forum shopping constitute exceptional circumstances to allow a court to decline jurisdiction in some instances. Cty. of Chicago v. Int'l College

7

of Surgeons, 522 U.S. 156, 172-73 (1997).

The Court declines to remand the removed cases to state court.  Dismissal of the removed cases is appropriate in the interests of comity, to avoid piecemeal litigation, and to discourage gamesmanship and forum shopping.  R.R. Street & Co., Inc., 656 F.3d at 984.

Plaintiffs' duplicate removed cases 23-cv-00046, 23-cv-00047, 23-cv-00048, and 23-cv-00049 are **DISMISSED.**

## CONCLUSION

The following cases are **DISMISSED:**

(1) Shanah A. Brody v. Hawaiian Airlines, Inc; Hawaiian Holdings, Inc., 23-cv-00046 HG-WRP;

(2) Lars A. Brennan v. Hawaiian Airlines, Inc.; Hawaiian Holdings, Inc., 23-cv-00047 HG-WRP;

(3) Leianah M.M. Kahahawai v. Hawaiian Airlines, Inc.; Hawaiian Holdings, Inc., 23-cv-00048 HG-WRP, and

(4) Noah I.M. Schenk v. Hawaiian Airlines, Inc.; Hawaiian Holdings, Inc., 23-cv-00049 HG-WRP

IT IS SO ORDERED.  Dated: May 10, 2023, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Brody v. Hawaiian Airlines, Inc., et al., 22-cv-00482 HG-WRP, 23-cv-00046-HG-WRP; Brennan v. Hawaiian Airlines Inc., et al., 22-cv-00481 HG-WRP, 23-cv-00047 HG-WRP; Kahahawai v. Hawaiian Airlines Inc., et al., 22-cv-00484-HG-WRP, 23-cv-00048 HG-WRP; Schenk v. Hawaiian Airlines Inc., et al., 22-cv-00483-HG-WRP, 23-cv-00049 HG-WRP; **ORDER DISMISSING DUPLICATE CASES**